■ In the Matter of the Supplemental Accounting of RUDOLF GRUN et al., as Executors of JUSTUS GRUN, Deceased Executor of STEVEN VAN WEZEL, Deceased. EUGENE L. BONDY, as an Executor of JUSTUS GRUN, Deceased Executor of STEVEN VAN WEZEL, Deceased, et al., Appellants; ANDRE VAN PRAAG et al., as Executors of VIVIANE E. VAN WEZEL, Deceased, et al., Respondents.— Decree of Surrogate's Court, New York County, entered on February 6, 1974, affirmed on the opinion of Di Falco, S., with $60 costs and disbursements of these appeals payable out of the estate to all parties filing briefs. Concur — Markewich, J. P., Tilzer, Capozzoli and Lane, JJ.; Kupferman, J., dissents in the following memorandum: The Surrogate's statement of the facts is accepted herein without cavil. Decedent died in 1945 without issue and survived by his wife. The assets were distributed by the executor by 1950. The widow died in 1968. Thereafter, in 1971, quite fortuitously, the sum of $114,680.37 was brought into the estate as a share of testamentary trust established by decedent's uncle and pursuant to the Surrogate's decree, (*Matter of Van Wezel,* affd without opn., 34 A D 2d 615, mot. for lv. to app. den. 27 N Y 2d 487). The question is the intent of the deceased as shown in his will

as to how to distribute this addition to the estate coming after the death of his widow who concededly would receive it if she were alive. The Surrogate held that the wife's estate would receive these funds inasmuch as she was the residuary legatee under Paragraph Eight of the will. The will makes a number of specific dispositions in Paragraphs Fourth through Seventh, $200,000 to the wife, $80,000 to Alice Guth (now Krueger), then a further sum to the wife, and finally sums of $10,000 and $5,000 each to seven friends and relatives, all of which has been distributed. If the wife does not survive, then none of the foregoing would apply and $125,000 would be given to Alice Guth (Kruger), with the remainder divided equally among the same seven people under Paragraph Ninth. The crucial provision is Paragraph Tenth(c) : " All of the bequests and devises of this will are intended to be paid over only to such persons whom I name as the legatees or devisees thereof as shall survive me; for which reason it is my desire and intention, insofar as the law will permit it to be exercised without invalidating the foregoing provisions, that if any legatee or devisee shall die before actual distribution to him or to her of the bequest or devise herein allotted to such beneficiary, the legatee or devisee so dying shall not be regarded as surviving me; and to accomplish this purpose, I direct that my executor, notwithstanding the apparently conflicting use of the word 'absolutely' in connection with each bequest or devise, shall, so far as he lawfully may, hold all the bequests and devises in trust for the named beneficiary (except such portion thereof as I may have specifically directed to be distributed earlier) to the extent necessary to pay over the same to each such beneficiary absolutely when the legacy or devise of such benficiary is ready for distribution, if the named legatee or devisee shall then be living, but if the named legatee or devisee shall, though living beyond me, have died before distribution, my executor shall pay over the same in such manner as if the legatee or devisee had died before me. The provisions of this subdivision shall apply to each of the paragraphs FOURTH to NINTH of this will, inclusive; but my executor shall be at liberty to disregrad this subdivision in executing my will if he shall be advised that my general purposes will be thereby defeated ". Thus, it is made clear that the decedent intended for a legatee to be alive at the time of distribution in order to inherit. It is contended that the old two lives in being rule against perpetuities would apply to any postponement of vesting (see Historical Note, McKinneys Cons. Laws of N. Y., Book 40, Personal Property Law, § 11, p. 4), but it is clear that there was no intention to suspend and no actual suspension of alienation. It is also contended that the original bequests such as the $80,000 to Alice Guth (Kruger), having already been distributed, the alternative $125,000 provision cannot come into play, but that merely means that a credit could be given for the amount already paid. I would reverse the decree and make payment pursuant to Paragraph Ninth of the will to those named therein as survivors.